Judge Leighton

```
FILED _____ LODGED
_____ RECEIVED
MAY 17 2004
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

04-CR-05134-MISC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

RYAN ANDREW HAMBURG,

        Defendant.

NO. CR04-5134RBL

PLEA AGREEMENT

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Reagan Dunn, Assistant United States Attorney for said District, and the defendant, RYAN ANDREW HAMBURG, and his attorney, Jerome Kuh, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

    1.    <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

    a.    Possession of Visual Depictions of Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B), 2252(b)(2), and 2256.

    Pursuant to the Allegation of Forfeiture contained in the Indictment, defendant

PLEA AGREEMENT/Hamburg — 1

1  also agrees to forfeit to the United States any and all matter which contains visual

2  depictions produced, transported, shipped, possessed and received in violation of Title

3  18, United States Code, Sections 2251 and 2252, and any and all property used or

4  intended to be used in any matter or part to commit and to promote the commission of

5  the aforementioned violation, including, but not limited to, the items seized during the

6  course of this investigation, pursuant to Title 18, United States Code, Section 2253(a).

7       2.     Elements of the Offense.  Defendant acknowledges and understands that

8  the elements of the offenses charged in the Indictment are as follows:

9            a.     That the defendant (1) knowingly possessed one or more matters

10  which contained visual depictions of minors engaged in sexually explicit conduct; (2)

11  the visual depictions had been mailed, or shipped or transported in interstate or foreign

12  commerce, by any means, including by computer, or were produced using materials

13  which had been mailed or so shipped or transported by any means, including computer;

14  and (3) the producing of said visual depictions involved the use of known minors

15  engaging in sexually explicit conduct, and said visual depictions were of such conduct,

16  as that term is defined by Title 18, United States Code, Section 2256.

17       3.     The Penalties.  Defendant understands that the statutory penalties for the

18  offenses charged in the Indictment are as follows:

19            a.     A term of not more than 10 years' imprisonment; a fine of up to

20  Two Hundred Fifty Thousand dollars ($250,000), or both; a period of supervised

21  release of at least two (2) years but not more than three (3) years; and a one hundred

22  dollar ($100.00) penalty assessment.  Defendant agrees that the penalty assessment

23  shall be paid at or before the time of sentencing.

24       Defendant understands that in addition to any term of imprisonment and/or fine

25  that is imposed, the Court may order Defendant to pay restitution to any victim of the

26  offense, as required by law.

27       Defendant agrees that any monetary penalty the Court imposes, including the

28

PLEA AGREEMENT/Hamburg — 2

1  special assessment, fine, costs or restitution, is due and payable immediately, and

2  further agrees to submit a completed Financial Statement of Debtor form as requested

3  by the United States Attorney's Office.

4       Defendant understands that supervised release is a period of time following

5  imprisonment during which he will be subject to certain restrictions and requirements.

6  Defendant further understands that if supervised release is imposed and he violates one

7  or more of its conditions, he could be returned to prison for all or part of the term of

8  supervised release that was originally imposed.  This could result in Defendant serving

9  a total term of imprisonment greater than the statutory maximum.

10      4.    <u>Rights Waived by Pleading Guilty</u>.  Defendant understands that, by

11 pleading guilty, he knowingly and voluntarily waives the following rights:

12           a.    The right to plead not guilty, and to persist in a plea of not guilty;

13           b.    The right to a speedy and public trial before a jury of Defendant's

14 peers;

15           c.    The right to the effective assistance of counsel at trial, including, if

16 Defendant could not afford an attorney, the right to have the Court appoint one for

17 Defendant;

18           d.    The right to be presumed innocent until guilt has been established

19 at trial, beyond a reasonable doubt;

20           e.    The right to confront and cross-examine witnesses against

21 Defendant at trial;

22           f.    The right to compel or subpoena witnesses to appear on

23 Defendant's behalf at trial;

24           g.    The right to testify or to remain silent at trial, at which trial such

25 silence could not be used against Defendant; and

26           h.    The right to appeal a finding of guilt or any pretrial rulings.

27      5.    <u>Applicability of Sentencing Guidelines</u>.  Defendant understands and

28

PLEA AGREEMENT/Hamburg — 3

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  acknowledges the following:

2    a.    The United States Sentencing Guidelines, promulgated by the

3  United States Sentencing Commission, are applicable to this case;

4    b.    The Court will determine defendant's applicable Sentencing

5  Guidelines range at the time of sentencing;

6    c.    The Court may impose any sentence authorized by law, including a

7  sentence that, under some circumstances, departs from any applicable Sentencing

8  Guidelines range up to the maximum term authorized by law

9    d.    The Court is not bound by any recommendation regarding the

10  sentence to be imposed, or by any calculation or estimation of the Sentencing

11  Guidelines range offered by the parties, or by the United States Probation Department;

12  and

13    e.    Defendant may not withdraw a guilty plea solely because of the

14  sentence imposed by the Court.

15    6.    Ultimate Sentence.  Defendant acknowledges that no one has promised or

16  guaranteed what sentence the Court will impose.

17    7.    Statement of Facts.  The parties agree on the following facts in support of

18  Defendant's guilty plea and for purposes of calculating the base offense level of the

19  Sentencing Guidelines.  Defendant admits he is guilty of the charged offense.

20    On February 3, 2004 Immigration and Customs Enforcement (ICE) agents seized

21  a laptop computer from RYAN ANDREW HAMBURG.  The laptop contained more

22  than 100 photographs of child pornography.  HAMBURG admitted that these pictures

23  were his and had knowingly been in possession of them at the time they were seized by

24  federal agents.

25    8.    Non-Prosecution of Additional Offenses.  As part of this Plea

26  Agreement, the United States Attorney's Office for the Western District of Washington

27  agrees not to prosecute Defendant for any additional offenses known to it as of the time

28

PLEA AGREEMENT/Hamburg — 4

of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence established were committed by Defendant solely because of the promises made by Defendant in this Agreement.  Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

9.    Voluntariness of Plea.  Defendant acknowledges that he has entered this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

10.    Acceptance of Responsibility.  The United States acknowledges that if the defendant qualifies for an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1(a) and if the offense level is sixteen (16) or greater, defendant's total offense level should be decreased by three (3) levels pursuant to U.S.S.G. § § 3E.1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    Additional Agreements.  The parties jointly agree that for purposes of calculating the sentencing range under U.S.S.G. 2G2.4(b)(5), that the number of qualifying images shall be less than 150 but more than 10, and that the defendant's base offense level shall be increased by two (2) points based upon this subsection.

12.    Statute of Limitations.  In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) 30 days following the date of non-acceptance of the Plea

PLEA AGREEMENT/Hamburg — 5

1   Agreement by the Court; or (2) 30 days following the date on which a breach of the

2   Plea Agreement by Defendant is discovered by the United States Attorney's Office.

3       13.   Post-Plea Conduct.  Defendant understands that the terms of this Plea

4   Agreement apply only to conduct that occurred prior to the execution of this

5   Agreement.  If, after the date of this Agreement, Defendant should engage in conduct

6   that would warrant an increase in Defendant's adjusted offense level or justify an

7   upward departure under the Sentencing Guidelines (examples of which include, but are

8   not limited to:  obstruction of justice, failure to appear for a court proceeding, criminal

9   conduct while pending sentencing, and false statements to law enforcement agents, the

10  probation officer or Court), the United States is free under this Agreement to seek a

11  sentencing enhancement or upward departure based on that conduct.

12      14.   Completeness of Agreement.  The United States and Defendant

13  acknowledges that these terms constitute the entire Plea Agreement between the parties.

14  This Agreement only binds the United States Attorney's Office for the Western District

15  of Washington.  It does not bind any other United States Attorney's Office or any other

16  office or agency of the United States, or any state or local prosecutor.

17      DATED:    This ___17th___ day of ___May___, 2004.

18

19  _____
    RYAN ANDREW HAMBURG
20  Defendant

21  _____
22  JEROME KUH
    Attorney for Defendant
23

24  _____
    SUSAN HARRISON
25  Assistant United States Attorney

26  _____
27  REAGAN DUNN
    Assistant United States Attorney
28

PLEA AGREEMENT/Hamburg — 6