Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR04-5134RBL |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| RYAN HAMBURG, | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Gregory A. Gruber, Assistant United States Attorney for said District, submits its sentencing memorandum in this case.

A. <u>Background</u>

Defendant Ryan Hamburg entered a guilty plea to one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, §§ 2252(a)(4)(B), 2252(b)(2), and 2256.

B. <u>Facts of Offense</u>

The defendant stipulated, as summarized from the Plea Agreement, that on February 3, 2004, he knowingly possessed between 100 and 150 images of child pornography. As reflected in the Presentence Report (PSR), the true number of photographs was well over 400 and the defendant posted some of them on the Internet.

C.  Sentencing Calculations

The child pornography offense to which defendant Hamburg pleaded guilty carries a maximum prison sentence of ten years.  The U.S. Sentencing Guidelines, which were fully in effect at the time of the plea hearing on May 17, 2004, contemplate a sentencing range of 27-33 months of imprisonment.  This range is based on a total offense level of 18 (adjusted base level of 21, minus 3 for acceptance of responsibility), at criminal history category I.[1]

In its sentencing memorandum, the defense asks for only six (6) months custody, to be followed by six (6) months in a halfway house.  The government believes that this number is far too low, but recognizes that some of the defense arguments for less than 27 months appear to have some merit.

In determining the appropriate Judgment in this case, this Court must consider, in addition to the Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

D.  Sentencing Recommendation

The government believes that the Sentencing Guidelines, although no longer mandatory, still get it right in the vast majority of cases.  A term of 27 months for this

---

[1] It should be noted that using 400 as the number of images would have further increased defendant's offense level by two, raising the low end of his imprisonment range from 27 up to 33 months.  A transmission charge would have carried a statutory mandatory minimum of five years imprisonment (per 18 U.S.C. § 2252).

crime, especially as compared to what he could have faced under facts that he admitted to the investigating agents and facts that they confirmed to be true, would not be unreasonable. This may be a case, however, that this Court might find falls into the small minority of instances where the Guidelines are higher than necessary. If so, we ask that the Court remain mindful of the following.

The defendant knowingly and intentionally collected hundreds of images of child pornography, some of which showed very young children engaged in very explicit sexual acts. Moreover, the defendant admits to still fantasizing about having sexual encounters with young boys. While the defense will no doubt respond that the defendant is merely reliving in his mind his own previous consensual sexual encounters, the fact that his fantasies still involve children rather than solely adults (with whom he also reports having had encounters that he could relive) is major cause for concern. Any doubt that Dr. Gollogly might be incorrect in his conclusions that defendant Hamburg is not a sexual predator and is a low risk to re-offend, would be 100% resolved in favor of the safety of minors by imposing a lengthy term of imprisonment.

Whatever term of incarceration is ultimately imposed, we join the Probation Office in suggesting that it be followed by the maximum term of supervised release, here three (3) years. In addition to the normal terms of supervision, all of the special terms and conditions listed in the PSR "green sheet" should be ordered, including registering as a sex offender, having no unsupervised contact with minors and no Internet access, and engaging in all necessary and appropriate mental health/sexual offender treatment and counseling (to include use of polygraphs and plethysmographs).

Restitution is not an issue in this case because the victims are largely unidentifiable, and the "losses" -- of innocense; of self-confidence; of self-worth, no matter how untrue or unfair -- are all but impossible to quantify monetarily. It also appears that the defendant does not have resources to pay a fine, so the government does

1  not seek the imposition of one.  The special assessment of $100 should be made due and
2  payable immediately.
3       Dated this  15th  day of March, 2005.

4                             Respectfully submitted,

5                             JOHN McKAY
                              United States Attorney

7                             s/Gregory A. Gruber
                              GREGORY A. GRUBER
8                             Assistant United States Attorney
                              1201 Pacific Avenue, Suite 700
9                             Tacoma, Washington 98402-4305
                              Telephone: (253) 428-3808
10                            Facsimile: (253) 428-3826
                              E-mail: Gregory.A.Gruber@usdoj.gov

Govt's Sentencing Memo/Hamburg/CR04-5134RBL - 4

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2005, I electronically filed the foregoing Government's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the Defendant.

s/ Sharon D. Nelson
SHARON D. NELSON
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3804
Facsimile: (253) 428-3826
E-mail: sharon.nelson@usdoj.gov