AO 245B (Rev. 12/03) Judgment in a Criminal Case (Rev. USAO 9/2004)
Sheet 1

# UNITED STATES DISTRICT COURT

**WESTERN** District of **WASHINGTON**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| RYAN ANDREW HAMBURG | Case Number: CR04-5134RBL |
| | USM Number: 34054-086 |
| | Jerome Kuh |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count  1 of the Indictment         (Date of Plea 05/17/04)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

FILED — LODGED
RECEIVED
MAR 1 8 2005
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256 | Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct | 02/03/04 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_Gregory A. Gruber_ GREGORY A. GRUBER
Assistant United States Attorney

March 18, 2005
Date of Imposition of Judgment

_/s/ signature_
Signature of Judge

THE HONORABLE RONALD B. LEIGHTON, United States District Judge
Name and Title of Judge

March 18, 2005
Date

04-CR-05134-JGM

DEFENDANT: RYAN ANDREW HAMBURG
CASE NUMBER: CR04-5134RBL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TWELVE (12) MONTHS**

[X] The court makes the following recommendations to the Bureau of Prisons:
Placement at Sheridan, OR, if possible.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
  [ ] a _____ [ ] a.m. [ ] p.m. on _____
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before 2 p.m. _____
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: RYAN ANDREW HAMBURG
CASE NUMBER: CR04-5134RBL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) YEARS

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment Page 4 of 7

DEFENDANT:       RYAN ANDREW HAMBURG
CASE NUMBER:     CR04-5134RBL

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

2. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

3. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).
   __X__ YES ____ NO

4. The defendant shall abstain from the use of alcohol and/or all other intoxicants during the period of supervision and enter into alcohol treatment as directed by the supervising probation officer. The defendant must contribute towards the cost of treatment to the extent the defendant is financially able to do so, as determined by the probation officer.

5. If directed, the defendant shall participate as instructed by the defendant's probation officer in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug dependency, which may include testing to determine if the defendant has reverted to the use of drugs. The defendant must contribute towards the cost of treatment of drug testing, to the extent the defendant is financially able to do so, as determined by the probation officer.

6. The defendant shall submit to searches of his person, residence, office, property, storage unit, or vehicle conducted in a reasonable manner and at a reasonable time by defendant's probation officer.

7. The defendant shall participate in a mental health/sexual treatment program at the direction of the probation officer, which may include a sexual deviancy program. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the probation officer.

8. The defendant shall have no unsupervised contact, direct or indirect, with minor children under the age of 18, unless granted permission to do so by defendant's probation officer.

9. The defendant shall, at the approval and direction of his probation officer, participate in a specialized sexual offender treatment program, which will include physiological testing (plethysmograph) to determine the defendant's sexual orientation and patterns of sexual arousal. The defendant must contribute towards the cost of any programs or test, to the extent the defendant is financially able to do so, as determined by the probation officer.

10. The defendant shall, as part of the defendant's sexual offender treatment, attend, actively participate, and make reasonable progress in all scheduled individual and group sessions. The decision about whether or not the defendant should be required to participate in a group therapy program in addition to individual sessions, shall be left to the responsible therapist. The defendant must contribute towards the cost of treatment, to the extent the defendant is financially able to do so, as determined by the probation officer.

11. The defendant shall submit to polygraph examination at the request of the defendant's probation officer as part of the defendant's treatment program and throughout the course of the defendant's supervision. The purpose of polygraph examination is to monitor for compliance with supervision and therapy conditions. The defendant must contribute towards the cost of the polygraph, to the extent the defendant is financially able to do so, as determined by the probation officer.

12. The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by defendant's therapist, and continue with those restrictions as they pertain to avoiding risk situations throughout the course of defendant's supervision. This includes not residing in or going to places where minors are known to frequent without prior approval of defendant's probation officer.

13. The defendant shall have no contact, directly or indirectly, with any electronic device which communicates data via a modem, nor shall defendant have any contact with any electronic device which communicates data through a dedicated connection, except where explicitly allowed by defendant's probation officer, and with the approval of and under supervision by a supervisor as requirement of employment. In addition, the defendant shall be prohibited from having Internet access during the defendant's period of supervision.

14. The defendant shall not possess and/or use pornographic material of any type.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3A    Supervised Release

DEFENDANT:      RYAN ANDREW HAMBURG
CASE NUMBER:    CR04-5134RBL

Judgment—Page 5 of 7

## ADDITIONAL SUPERVISED RELEASE TERMS (cont'd)

15. The defendant shall provide his probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of defendant's federal income tax returns.

16. The defendant shall allow a probation officer to inspect any personal computer owned or operated by him.

17. The defendant shall notify his probation officer of all computer software owned or operated by him at the commencement of supervision, and report any additional software purchase, acquisition, or use during the course of supervision.

18. The defendant shall consent to the U.S. Probation Office conducting ongoing monitoring of his computer(s), hardware and software. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer(s) or other electronic devices/media. The defendant shall also comply with the requirements of the United States Probation Computer Monitoring Program as directed.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: RYAN ANDREW HAMBURG | Judgment — Page 6 of 7 |
| CASE NUMBER: CR04-5134RBL | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ _____ | $ _____ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the   ☒ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

☒ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      RYAN ANDREW HAMBURG
CASE NUMBER:    CR04-5134RBL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

- [x] PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid:

    - [x] During the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

    - [x] During the period of supervised release, in monthly installments amounting to not less than __10__% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

    - [ ] During the period of probation, in monthly installments amounting to not less than _____% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

        - [ ] **The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.**

        - [ ] **The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified at page _____ of this Judgment.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

- [ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

- [ ] The defendant shall pay the cost of prosecution.

- [ ] The defendant shall pay the following court cost(s):

- [x] The defendant shall forfeit the defendant's interest in the following property to the United States:

    A.) One (1) COMPAQ Armada Computer, Serial No. 116339

    B.) Any and all disks containing visual images of minor children engaged in sexually explicit conduct.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.